**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 21, 2005
Decided July 27, 2005

**Before**

Hon.  JOEL M. FLAUM, *Chief Judge*

Hon.  MICHAEL S. KANNE, *Circuit Judge*

Hon.  TERENCE T. EVANS, *Circuit Judge*

No. 04-2198

| | |
|---|---|
| United States of America, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 03 CR 097 |
| John W. Sanders, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

ORDER

On May 31, 2005, we issued an order affirming John Sanders's conviction for possessing pseudoephedrine knowing that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2), and with possessing equipment, chemicals, and materials which may be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). We also ordered a limited remand of his sentence to allow the district court to determine whether it would have imposed the same sentence had it known that the sentencing guidelines were merely advisory. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court replied to our inquiry by stating that even treating the guidelines as advisory, it would impose the same sentence. Neither party argues that the guideline range was computed incorrectly. Sanders's base offense level was 34 and two levels were added because he was an organizer or supervisor. With a criminal history category of IV, the guideline range was 262-327 months. The court sentenced Sanders to 262 months' imprisonment.

This court has found that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). "The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth" in 18 U.S.C. § 3553(a). *Id.* at *2.

Sanders argues that his sentence cannot possibly be reasonable because he is only 20 years old. He also cites 28 U.S.C. § 991(b)(1)(B) and contends that his sentence is not fair and does not "avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct[.]"

Judge Crabb properly considered the § 3553(a) factors and found: "Although the sentence is a harsh one, I am not persuaded that any shorter one will accomplish the purposes of protecting the community and reflecting the seriousness of defendant's long term involvement in drug trafficking, the large quantities of pseudoephedrine and other precursor chemicals and equipment in his possession and his supervision of two other individuals." She further noted that Sanders has been "undeterred by his previous run-ins with the criminal justice system[.]"

"Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). Sanders has not presented evidence sufficient to rebut the presumption that his sentence, which was within the properly calculated guideline range, was reasonable when imposed. Therefore, Sanders "cannot meet the third plain error element; namely, that the changes wrought by *Booker* "affect[ed his] substantial rights." *Mykytiuk*, 2005 WL 1592956, at *2.

We AFFIRM Sanders's sentence.